United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

————————

No. 97-1368WM

————————

Jerry D. Couch,                 *
                                    *

        Appellant,           *

                                    *      Appeal from the United States

     v.                             *      District Court for the Western

                                    *      District of Missouri.

Sprint Corp.,                *

                                      *

        Appellee.            *

————————

Submitted: November 20, 1997
Filed: December 18, 1997

————————

Before FAGG and HANSEN, Circuit Judges, and PIERSOL,[*] District Judge.

————————

FAGG, Circuit Judge.

     Jerry D. Couch appeals the district court's grant of Sprint Corporation's motion for judgment as a matter of law following trial on Couch's employment-based claims for gender and race discrimination and retaliation. We review the district court's grant of a motion for judgment as a matter of law under a well-established standard. Having carefully considered the record and the parties' submissions, we agree with the district court that there is no substantial evidence in the record tending to show the reasons

———————————

     [*]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

given by those who promoted a woman and hired a black male for vacant positions instead of Couch, a white male, were a pretext for gender and race discrimination.  We also agree with the district court that Couch's related retaliation claim cannot survive judgment as a matter of law.  Couch worked as a contract negotiator for Sprint Corporation until his demotion after he amended a pager agreement to Sprint's detriment.  Although Couch presented evidence that he complained to his supervisor about the woman's promotion (Couch believed he was better qualified for the position, not that he was denied for discriminatory reasons), there is no evidence tending to show that the head of his department (who preferred termination but deferred to Couch's supervisor's recommendation "to put [Couch] where he couldn't cause as much damage") knew about Couch's complaint until after the demotion decision was made.  Like the district court, we conclude Couch's meager evidence would not permit a jury reasonably to find there was any connection between Couch's promotion-related complaint and his demotion for poor business judgment.  Because the controlling law is clear, our review satisfies us that an opinion would have no precedential value in this fact-intensive case.  We agree with the district court's analysis and conclude the district court correctly granted the motion for judgment as a matter of law.  We thus affirm the judgment without further discussion.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.